UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-10816-DHW
                                                   Chapter 7
GARY LAMAR MILLER and
PEGGY HARDWICK MILLER,

            Debtors.


ORDER DENYING MOTION TO ALTER, AMEND OR SET ASIDE ORDER
AND/OR MOTION FOR NEW TRIAL

The Citizens Bank of Geneva, Alabama filed a motion to reconsider the order granting the trustee's motion to reclassify its claim from secured to general unsecured status.

The motion came on for hearing on October 26, 2005 at which counsel for the bank and the trustee orally argued the motion to the court. For the reasons that follow, the motion will be denied. The bank's multiple arguments will be addressed in the order asserted in the motion to reconsider.

First, the bank contends that the order effectively determines the extent, validity, or priority of its lien without the requisite adversary proceeding. Fed. R. Bankr. Proc. 7001(2) requires an adversary proceeding to determine the extent, validity or priority of a lien.

However, the rules also prescribe a procedure for objecting to a proof of claim. *See* Fed. R. Bankr. Proc. 3007. "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Therefore, the trustee's motion to reclassify the bank's claim "became an adversary proceeding." The motion was not redesignated as such in the court's records.

Therefore, the bank had the right to request any or all of the

protections afforded by an adversary proceeding in the processing of the trustee's motion. An adversary proceeding affords heightened due process protections in the form of stricter service rules and slightly more extensive discovery rules. However, all of the discovery rules except one (Rule 27) apply to contested matters under Fed. R. Bank. Proc. 9014(c). An objection to a claim is a contested matter.

Most importantly, the bank has not asserted any prejudice resulting from the administrative processing of the trustee's motion as a contested matter instead of an adversary proceeding.

Indeed, the trustee filed the motion to reclassify the bank's claim on January 31, 2005, and the bank has had ample time to challenge service, conduct discovery, or avail itself of any of the advantages afforded by an adversary proceeding. Both parties have been represented by counsel since February. The parties first submitted the motion to the court on briefs of counsel but then requested an evidentiary hearing instead. However, the parties later filed a joint stipulation of facts and resubmitted the motion to the court on briefs of counsel. The court is not aware of any prejudice to the bank resulting from the administrative processing of the trustee's objection as a contested matter instead of an adversary proceeding.

The bank also contends that the order subordinates the bank's claim without proof of the requisite elements and without the requisite adversary proceeding. *See* Fed. R. Bankr. Proc. 7001(8).

However, the order does not subordinate the bank's claim. Subordination alters the "normal priority" of a creditor's claim. *HSBC Bank USA v. Branch (In re Bank of New England Corp.)*, 364 F.3d 355, 361 (1st Cir. 2004). The order merely determines the status of the bank's claim as secured or unsecured. It does not alter the "normal priority" that flows from that designation.

The bank also contends that the court erroneously determined that

2

the bank's March 28, 2002 state court complaint does not satisfy the requirements of *Ala. Code.* § 10-12-35(a) (1975).

However, the bank's complaint did not request a charge on Peggy Miller's interest in Hardwick Farms, L.L.C. Instead, the bank sought to void the articles organizing the company and either carve out Peggy Miller's interest in the real property or sell the real property for division. Even if the bank had sought to charge her membership interest, her interest had not been charged as of the date of the filing of the bankruptcy petition. Any postpetition charge on her interest would be subject to the trustee's rights.

The bank also contends that the court erroneously concluded that the bank did not obtain an execution lien on the property made the subject of this action. The bank states that the writ was "levied" on the real property and that the state court action was a valid method to enforce the lien.

However, the argument ignores the statutory prerequisites for an execution lien under Alabama law. A writ of execution is not a lien on real property until the writ is levied and notice of the levy is filed for record. *Ala. Code* § 6-9-40 (1975). In the instant case, the writ of execution returned by the sheriff did not include the real property made the subject of this action. Therefore, no levy occurred, and no execution lien on the real property resulted. The state court action, therefore, was not a proceeding to enforce a lien.

The bank also contends that the court erred in concluding that *Ala. Code* § 8-9A-7 prevents the bank from acquiring an equitable lien.

The court did not conclude, as the bank suggests, that the merger of law and equity extinguished equitable remedies. The court merely held that there is no predicate for resort to equity in this instance because a remedy at law is available.

There is no indication that the bank availed itself of the legal remedy

3

provided by § 8-9A-7(a)(2). Therefore, the bank did not acquire a prejudgment lien on the real property simply by filing the state court action (which may or may not have constituted a fraudulent transfer action). Reliance on *In re Leonard,* 125 F.3d 543 (7th Cir. 1997) as persuasive authority is not misplaced. The Illinois statute construed in that case is identical to the statute in Alabama.

Even assuming the bank acquired an equitable lien on the property prepetition, the bank has cited no law making that equitable lien superior to a trustee's rights under 11 U.S.C. § 544.

On a similar note, the bank also contends that the court erred in concluding that the bank did not avail itself of the legal remedies provided by section 8-9A-7.

The bank responds that the state court complaint is indeed sufficient to state a claim under the Alabama Fraudulent Transfer Act. However, the bank is confusing the sufficiency of the complaint under the Fraudulent Transfer Act with the request for a prejudgment remedy under section 8-9A-7(a)(2). This court did not make any conclusion regarding the sufficiency of the complaint. This court did conclude that there is no indication that the bank requested the imposition of a prejudgment remedy under § 8-9A-7(a)(2) in the state court action.

The bank also contends that the court erroneously concluded that the bank is stayed by operation of law from continuing the state court action. The bank invites the court to review the law cited by the bank in its original brief.

However, the law cited by the bank has been superceded by more recent law. The bank relies primarily on *Connell v. Walker*, 291 U.S. 1, 78 L. Ed. 613, 54 S. Ct. 257 (1934).

In *Connell*, the Supreme Court held it was not error to allow a state court fraudulent conveyance action to proceed despite the transferor's

4

bankruptcy because the stay was not mandatory but permissive and left to the sound discretion of the court.

However, 11 U.S.C. § 362(a) is now both automatic and mandatory. The mere filing of a petition operates to stay the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(2). The bank's state court action falls within the scope of § 362(a) as an action to enforce the bank's prepetition judgment against Peggy Miller or property of the estate – her membership interest in the L.L.C. To date, the bank has not obtained relief from the automatic stay to continue the action.

The bank also contends that the court did not address whether the bank is precluded from proceeding against Hardwick Farms, L.L.C.

However, that was not at issue. The bank has filed a motion for relief from the automatic stay which raises the issue, and the court will address it in due course.

The bank also summarily contends that the court's order is contrary to the law and the evidence, inequitable, and imposes an unduly harsh result. The court misapplied both Alabama and Bankruptcy law to the facts of this case.

The bank does not expound on or otherwise support any of these arguments. Without specificity, the court has no basis on which to respond.

Done this 7 day of November, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Derek E. Yarbrough, Attorney for Creditor
   William W. Nichols, Attorney for Trustee

5