UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-10816-DHW
                                                   Chapter 7

GARY LAMAR MILLER and
PEGGY HARDWICK MILLER,

                 Debtors.


                 ORDER ON MOTION FOR RELIEF FROM STAY

        The Citizens Bank of Geneva filed a motion on October 26, 2005 for
relief from the automatic stay imposed by 11 U.S.C. § 362(a) to proceed
against Hardwick Farms, LLC in a state court action commenced by the
Bank prepetition.

        The motion came on for hearing on December 5, 2005.  Both the
debtors and the trustee objected to the motion.

        The automatic stay imposed by 11 U.S.C. § 362(a) does not extend
to an entity that is not a debtor.[1]  Hardwick Farms, LLC is not a debtor;
therefore, the stay does not prevent the Bank from proceeding against
Hardwick Farms, LLC in state court.

        However, 11 U.S.C. § 362(a)(2) protects both the debtor and
property of the estate from "the enforcement . . . of a judgment obtained
before the commencement of the case . . . ."  The action commenced by
the Bank in state court appears to implicate property of the estate. In that
action, the Bank seeks to void the articles of organization of Hardwick
Farms and either carve out Peggy Miller's interest in the real property or
sell the real property for division.  But Peggy Miller's interest in Hardwick

---

[1] A debtor is defined as a "person or municipality concerning which a case
under this title has been commenced." 11 U.S.C. § 101(13).  A person includes
an "individual, partnership, and corporation . . ." 11 U.S.C. § 101(41).

Farms, LLC is property of the estate under 11 U.S.C. § 541.

The Bank alternatively characterizes the action in state court as an action to set aside the transfer of the realty to Hardwick Farms as an alleged fraudulent conveyance.  However, the Bank may not have standing to pursue that action.

The Bankruptcy Code vests standing in the chapter 7 trustee to recover fraudulent conveyances under state law.  11 U.S.C. § 544(b)(1). Therefore, with limited exceptions, the trustee is the real party in interest in a fraudulent conveyance action predicated on state law.

The Bank wants to avoid the transfer because it contends that if the transfer by Peggy Miller of the realty to the Hardwick Farms is set aside, the Bank's judgment lien (which arose after the transfer) would retroactively attach to the beach house and 600 acres.

However, the argument appears to run afoul of 11 U.S.C. § 551 which preserves for the benefit of the estate any transfer avoided under section 544.  Under that section, the trustee steps into the shoes of the transferee of the avoided transfer.  *See* 5 Lawrence P. King, *Collier on Bankruptcy* ¶ 551.02, at 551-4 (15th ed. 1992).  "The section as a whole prevents junior lienors from improving their position at the expense of the estate when a senior lien is avoided."  *Comment* to 11 U.S.C. § 551.

In the instant case, if the transfer were avoided under § 544, then under § 551, the estate would stand in the shoes of Hardwick Farms with respect to the property.  The Bank did not obtain and record the judgment against the debtor until several months after the transfer of the property to Hardwick Farms.  Therefore, the estate's interest in the property would be superior to any interest of the Bank.[2]  *See Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries),* 908 F.2d 517 (9th Cir. 1990); *Pogge v. Abner (In re Abner)*, 288 B.R. 528 (Bankr. C.D. Ill. 2001); *Erickson v. Grubb & Ellis Commercial Brokerage Co. (In re Previs)*, 31 B.R. 208

---

[2] The court is aware that not all courts would concur with this result under 11 U.S.C. § 551.  Differences in state law may contribute to varying results.

(Bankr. W.D. Wash. 1983); *Staats v. Barry (In re Barry)*, 31 B.R. 683 (Bankr. S.D. Ohio 1983). If the estate's interest is superior to the Bank's interest, the Bank has no right independent of the trustee to set the transfer aside.

Section 551 ensures that the avoided transfer is preserved for the benefit of the estate as a whole – not for any individual creditor who may have rights under state law to avoid the transfer. In the absence of § 551, individual creditors could defeat the interests of not only the trustee but also other creditors by being the first to set the transfer aside. This would create a "race to the courthouse" scenario.

However, as stated above, the automatic stay imposed by 11 U.S.C. § 362(a) does not protect nondebtors. Accordingly, it is

ORDERED that the stay imposed by 11 U.S.C. § 362 does not prevent The Citizens Bank of Geneva from proceeding against Hardwick Farms, LLC in state court.

However, depending on the cause of action asserted, the Bank may not have standing to proceed against Hardwick Farms. In addition, the automatic stay protecting property of the estate may limit the extent to which relief is available against the estate's interest in the LLC.

Done this 15 day of December, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Derek E. Yarbrough, Attorney for Creditor
   William W. Nichols, Attorney for Trustee
   C. H. Espy, Jr., Attorney for Debtors
   William C. Carn, III, Trustee